985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon SCOTTIE, Defendant-Appellant.
 No. 91-10518.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Feb. 5, 1993.
 
 Appeal from the United States District Court For the District of Arizona (Tucson); No. CR-90-00263-WDB, William D. Browning, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leon Scottie was convicted by a jury of sexual abuse in violation of 18 U.S.C. §§ 1153 and 2242(1). Scottie appeals his conviction on the grounds that (1) the district court erred in admitting evidence of his prior bad acts, and (2) the prosecutor's closing statement was improper. Scottie's second argument is entirely without merit, and we therefore discuss only the admission of the prior bad acts. We affirm the conviction.
 
 
 3
 Scottie was indicted on two counts of sexually abusing the fourteen year old foster daughter whom he and his wife had raised since birth. Scottie was tried twice: the first trial ended in a mistrial, and the second with a conviction. Before the first trial, Judge William D. Browning granted a motion in limine prohibiting the introduction of evidence that Scottie had abused the victim on other occasions besides the two incidents charged in the indictment. The defendant had requested the motion on the grounds that admission of the proffered evidence would violate Federal Rules of Evidence 404(b) and 403. Before the second trial, Judge Earl H. Carroll reversed the in limine ruling and allowed the victim to testify that Scottie had abused her regularly since she was nine years old.
 
 
 4
 Scottie asserts that Judge Carroll was without authority to reverse Judge Browning's earlier in limine ruling. We review Judge Carroll's decision to admit the evidence of prior bad acts for abuse of discretion. United States v. Hill, 953 F.2d 452, 455 (9th Cir.1991). Under the law of the case doctrine, an evidentiary ruling may not be reversed upon retrial unless the first decision was (1) clearly erroneous, or (2) the circumstances have changed. United States v. Tham, 960 F.2d 1391, 1397 (9th Cir.1991). Since we find that Judge Browning's exclusion of the evidence in the first trial was clearly erroneous, we find that Judge Carroll's decision to admit the evidence on retrial was not an abuse of discretion.
 
 
 5
 It is well established that Rule 404(b) is "an inclusionary rule," under which evidence is inadmissable "only when it proves nothing but the defendant's criminal propensities." United States v. Diggs, 649 F.2d 731, 737 (9th Cir.), cert. denied. 545 U.S. 970 (1981) (emphasis added). Evidence is properly admitted under Rule 404(b) if: (1) sufficient proof exists for the jury to find that the defendant committed the prior act; (2) the prior act was not too remote in time; and (3) the prior act is introduced to prove a material issue in the case. Also, to the extent that the evidence is admitted to show intent, the prior acts must be similar to those charged. United States v. Hadley, 918 F.2d 848, 850-51 (9th Cir.1990).
 
 
 6
 In Hadley, this court held that testimony of former victims of an alleged sex offender was admissible to show intent and motive where the prior acts were substantially similar in nature to those alleged at trial. Similarly, we find here that the victim's testimony regarding the prior bad acts was plainly admissible under Rule 404(b). In order to demonstrate common scheme or plan, intent, and knowledge, the government sought to introduce the testimony of the victim regarding events which were virtually identical to those alleged in the indictment.
 
 
 7
 All of the requirements of Hadley have been met. First, there was sufficient proof for the court to conclude that a jury could find the events took place: the victim was prepared to testify in detail as to the other occasions. See Hadley, 918 F.2d at 851. Second, the prior acts were not too remote in time: while the first acts occurred when the victim was nine, she was to testify that they continued until the incidents alleged in the indictment. Third, and most important, the evidence the government sought to introduce was material. Rather than merely showing predisposition, the evidence demonstrated, among other things, common scheme or plan, intent, and knowledge. Lastly, the prior acts were similar to the offense charged.
 
 
 8
 Finally, we must also determine whether the evidence of the prior bad acts should have been excluded because the probative value was substantially outweighed by the danger of unfair prejudice. Fed.R.Civ.Proc. 403. While there was a danger of prejudice to the defendant, that danger cannot be said to have substantially outweighed the probative value. Furthermore, any such prejudicial effect could have been cured by the use of a limiting instruction. See Hadley, 918 F.2d at 852. We hold that Judge Browning's decision to exclude the evidence was clearly erroneous. Judge Carroll's reversal of the previous ruling was not an abuse of discretion.
 
 
 9
 Judge Carroll properly reconsidered the motion in limine. The judgment of the district court is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 10
 Ordinarily, we review trial court decisions as to the admissibility of prior bad act evidence under Fed.R.Evid. 404(b) for an abuse of discretion. United States v. Hill, 953 F.2d 452, 455 (9th Cir.1991). However, the procedural posture of this case is unusual. Here we are reviewing one district judge's decision to reverse the evidentiary ruling of another judge of the same district court. As the majority acknowledges, under the doctrine of law of the case, the second judge, Judge Carroll, could have properly done so only if, the first judge, Judge Browning, clearly erred in making his original ruling. For the purposes of this appeal, therefore, the primary question we need to address is whether the initial ruling excluding the proffered evidence was clearly erroneous.[1]
 
 
 11
 Under long-standing Ninth Circuit precedent, the government must show each of the following before the district court may admit prior bad act evidence under Fed.R.Evid. 404(b) to prove intent or common scheme in a criminal case:
 
 
 12
 (1) There is sufficient proof for the jury to find that the defendant committed the prior act;
 
 
 13
 (2) The prior act was not too remote in time;
 
 
 14
 (3) The prior act is introduced to prove a material issue in the case;
 
 
 15
 (4) The prior act is similar to the charged offense; and
 
 
 16
 (5) The probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. (Rule 403)[2]
 
 
 17
 United States v. Huddleston, 485 U.S. 681, 687-91 (1988); United States v. Hadley, 918 F.2d 848, 850-52 (9th Cir.1990), cert. granted, 112 S.Ct. 1260 (1992), cert. dismissed, 61 U.S.L.W. 4006 (Nov. 16, 1992); United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989), cert. denied, 494 U.S. 1083 (1990); United States v. Spillone, 879 F.2d 514, 518-20 (9th Cir.1989), cert. denied, 111 S.Ct. 210 (1990), and cert. denied, 111 S.Ct. 173 (1990). A trial court's decision to exclude evidence sought to be admitted under Fed.R.Evid. 404(b) is a quintessential act of discretion and should not be reversed lightly. I need only address the fifth factor of the above test, the Rule 403 analysis, to demonstrate that Judge Browning did not make a clear error in declining to admit the proferred testimony.
 
 
 18
 Rule 404(b) is designed to avoid the danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment. Hill, 953 F.2d at 457. Given the potential for misuse of prior bad act evidence, for many years it was an open question whether such evidence was admissible to show motive, intent, etc. where a defendant denied all participation in the crime. See, e.g., United States v. Powell, 587 F.2d 443, 448 (9th Cir.1978).
 
 
 19
 Hadley answered the question by holding that there is no per se rule barring the admission of prior bad act evidence in such a case; however, Hadley did not hold that admission of prior bad act evidence is mandatory. 918 F.2d at 851-52. Rather, it left the question of whether to admit prior bad act evidence regarding a particular element that is not a matter of direct dispute within the district court's discretion, for resolution on a case by case basis. Hadley does not in any way limit a district judge's ability to take into account all relevant matters including the importance of the issues to which the disputed evidence purportedly relates, given the nature of the defendant's defense. The district court remains free to consider all these matters when determining the probative value of the evidence proffered by the government. See United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982); United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982).[3]
 
 
 20
 Judge Browning did not specify his reasons for granting Scottie's motion in limine, but the transcript of the hearing on the motion makes it clear that Judge Browning took into account the fact that intent was not a significant issue in this case.[4] See Transcript of Hearing of February 11, 1991 at p. 8. The government argued to Judge Browning that Hadley controlled his decision. The judge correctly concluded that, given all the facts and circumstances, he nonetheless had the discretion to exclude the proffered evidence on the basis of Rule 403 balancing. Judge Browning's determination that the probative value of evidence sought to be introduced here was outweighed by the risk that the jury would misuse the evidence as an indication of criminal propensity, and that a Rule 105 limiting instruction would not be sufficient protection in this case, was not an abuse of discretion. Thus, Judge Browning did not "err", let alone "clearly err". Accordingly, Judge Carroll's decision to reverse Judge Browning's ruling cannot stand.
 
 
 21
 Furthermore, there is no evidence in the record that Judge Carroll granted the government's motion to reconsider Judge Browning's decision based upon a determination that Judge Browning's prior ruling constituted an abuse of discretion, let alone that it was clearly erroneous. Judge Carroll's order is not in the record on appeal but the hearing transcript indicates that he made a de novo determination of probative value versus unfair prejudice. Trial Transcript Vol. 1 at 7-8 (June 6, 1991). Moreover, in denying Scottie's motion for a new trial Judge Carroll concluded merely that he had not been collaterally estopped from reconsidering Judge Browning's earlier ruling. Judge Carroll did not even consider the law of the case issue and failed to review Judge Browning's decision under an abuse of discretion or clear error standard.
 
 
 22
 Based upon the foregoing reasons, I would hold that Judge Browning did not abuse his discretion, let alone commit clear error, and that Judge Carroll was barred from reversing Judge Browning's ruling by the law of the case doctrine. I would, therefore, reverse and remand for a new trial in which the introduction of the disputed evidence would be barred.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The majority cites United States v. Tham, 960 F.2d 1391, 1397 (9th Cir.1991), for the proposition that it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial barring clear error. I note, for what it is worth, that when reversing an evidentiary ruling the proper test is actually whether the original judge abused his discretion. Because either formulation requires deference to the initial judge's determination, the difference in terminology is unimportant and I will use the majority's standard of review
 It is also worth noting that the Supreme Court has recently said that an error of law constitutes an abuse of discretion, thus blurring the previously clear line between the two concepts. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1991).
 
 
 [2]
 In making this last determination the judge should consider the effectiveness or lack of effectiveness of a limiting instruction under Fed.R.Evid. 105. Advisory Committee Note to Rule 403
 
 
 [3]
 While I continue to believe that Hadley was incorrectly decided and that its efforts to avoid a direct conflict with Ninth Circuit precedent were ultimately unsuccessful, see Powell, 587 F.2d at 448; Mehrmanesh, 689 F.2d at 832; United States v. Chambers, 918 F.2d 1455, 1461 (9th Cir.1990), we are required to, and can, accord full recognition to Hadley here without reviving that conflict, if we affirm Judge Browning's initial ruling
 
 
 [4]
 The government did not argue common scheme to Judge Browning