**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Verl HADLEY, Defendant–Appellant.**

**No. 89–10428.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 16, 1990.

Decided Nov. 14, 1990.

John Trebon, Flagstaff, Ariz., for defendant-appellant.

Gary A. Husk, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before WALLACE, ALARCON and WIGGINS, Circuit Judges.

WALLACE, Circuit Judge:

Hadley appeals his convictions for aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) and abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). He argues that the district court abused its discretion by improperly admitting evidence of prior acts of sexual abuse and explanatory expert witness testimony. He contends that insufficient evidence exists to convict him on one of the three counts on which he was found guilty. Finally, Hadley challenges his sentence, on the ground that it was not imposed in accordance with the Sentencing Guidelines. The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I

Hadley is a former elementary school teacher who taught for eleven years at the Bureau of Indian Affairs School (BIA school) on the Navajo Indian Reservation at Chilchinbeto, Arizona. Complaints of sexual molestation led to an investigation of Hadley, which resulted in an indictment charging him with eleven counts of sexual abuse involving five minor victims. The district court granted Hadley's motion to sever, and the subsequent trial dealt only with counts seven through eleven of the superseding indictment. Counts seven through nine charged Hadley with aggravated sexual abuse, attempted aggravated sexual abuse, and abusive sexual contact. These charges arose from allegations that Hadley had committed forcible anal intercourse and other acts of sexual abuse against Roy, a student at the BIA school.

Roy testified at trial to three separate incidents of sexual molestation by Hadley in late 1987 and early 1988. In addition, over Hadley's objection, the district court allowed other government witnesses to testify that Hadley had forcibly sodomized them when they were minors. The government also presented the expert testimony of Dr. Rosenzweig, a child psychiatrist, who testified on the issue of general behavior characteristics exhibited by victims of child sexual abuse.

The jury found Hadley guilty of the three crimes perpetrated against Roy. Hadley was acquitted on the remaining two counts, which involved less serious allegations by two other students. The district judge sentenced Hadley to 30 years' imprisonment for his conviction of aggravated sexual abuse as charged in count seven, and to 108 months for the convictions on counts eight and nine. The judge ordered that the sentences for counts eight and nine be served consecutively to the sentence for count seven, and imposed fines totaling $20,000.

## II

Hadley first argues that the district court should not have admitted the prior bad act testimony of witnesses who testified that Hadley had sodomized and sexually abused them when they were children. We review a district court's decision to admit evidence of prior bad acts under Fed. R.Evid. 404(b) only for an abuse of discretion. *United States v. Brown*, 873 F.2d 1265, 1267 (9th Cir.1989). Indeed, we have held that Rule 404(b) is an "inclusionary rule," under which evidence is inadmissible "only when it proves nothing but the defendant's criminal propensities." *United States v. Diggs*, 649 F.2d 731, 737 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). Therefore, the district judge is "accorded wide discretion in deciding whether to admit such evidence." *Id.*

Rule 404(b) allows the introduction of prior bad acts "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). We have held that evidence is admissible under Rule 404(b) if: (1) sufficient proof exists for the jury to find that the defendant committed the prior act; (2) the prior act was not too

remote in time; and (3) the prior act is introduced to prove a material issue in the case. *United States v. Ross,* 886 F.2d 264, 267 (9th Cir.1989) (*Ross* ), *cert. denied,* —— U.S. ——, 110 S.Ct. 1818, 108 L.Ed.2d 947 (1990); *United States v. Spillone,* 879 F.2d 514, 518–20 (9th Cir.1989) (*Spillone* ), *cert. denied,* —— U.S. ——, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). In addition, if used to prove intent, the prior act must be similar to the offense charged. *Id.* at 519.

■ First, we hold that sufficient evidence of the prior bad acts existed for a jury to "reasonably conclude that the act[s] occurred and that the defendant was the actor." *Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988). The witnesses testified in detail about the sexual abuse inflicted upon them by Hadley. This testimony clearly amounted to more than the "unsubstantiated innuendo" that the Supreme Court warned against in *Huddleston. Id.* Thus, the jury reasonably could have concluded that Hadley previously sodomized and abused these witnesses.

■ Second, one witness testified to a regular pattern of sodomy and sexual molestation that began when the boy was ten years old, and lasted until 1977 when he was fifteen. Hadley argues that this act is too remote in time to justify admissibility. We have previously declined to adopt an inflexible rule regarding remoteness in the context of Rule 404(b). *See Ross,* 886 F.2d at 267; *Spillone,* 879 F.2d at 514. Hadley stopped sexually abusing this witness ten years prior to the abuse for which he was convicted. The district judge found that "there certainly is a similarity in space and practice" between the prior act and the offense charged. The similarity of the prior act to the offense charged outweighs concerns regarding its remoteness. Thus, we hold that the district judge did not abuse his discretion in admitting this testimony. *Cf. Ross,* 886 F.2d at 267 (admitting evidence of a prior act that occurred 13 years beforehand based on the similarity of the offenses); *Spillone,* 879 F.2d at 519 (admitting evidence of a conviction more than ten years old).

■ Third, Hadley contends that the prior bad act evidence was not introduced to prove a material element in the case. Hadley was charged in count nine with abusive sexual contact. To demonstrate sexual contact, the government had to prove that Hadley acted "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2245(3). The district judge found that the prior acts "have to do with alleged activities of Mr. Hadley, of a sexually gratifying nature." In addition, the evidence helped to demonstrate specific intent, the proof of which was required in all three counts. On this basis, it was properly admitted. Of course, as pointed out above, if the prior acts are used to prove intent, those acts must be similar to the offense charged. The district judge found that they were, and we do not disagree. In all cases, Hadley isolated his student victims and performed acts of sexual gratification upon them, often including anal intercourse. We conclude that this similarity was sufficient to allow the admission of the prior acts as evidence of intent.

Hadley argues that *United States v. Powell,* 587 F.2d 443 (9th Cir.1978), requires a different result. Powell was convicted of conspiracy to possess marijuana with intent to distribute. *Id.* at 445. At trial the government offered proof of two prior convictions on three theories of relevance: intent, plan, and motive. *Id.* at 447. The district court refused to admit either of the prior convictions on the theories of intent or plan, but admitted one of the prior convictions as relevant to motive. *Id.* at 447–48. We reversed and remanded for a new trial. *Id.* at 449.

Hadley urges reliance on a single sentence in *Powell:* "When a defendant denies participation in the act or acts which constitute the crime, intent is not a material issue for the purpose of applying Rule 404(b)." *Id.* at 448. At trial, Hadley's defense was a denial of participation in the acts of which he was convicted; he offered not to argue the issue of intent. Thus, he contends, *Powell* precludes the government

from proving intent with evidence of prior bad acts.

This is not the holding of *Powell*. Indeed, nothing in *Powell* on the issue of intent could have been its holding, because the district court's ruling on the issue was not challenged on appeal. Powell appealed the district court's decision to admit the prior conviction as relevant to motive. The district court's ruling on intent was uncontested on appeal. Powell did not challenge the district court's refusal to admit the evidence on the theory of intent, as this ruling was favorable to him. Significantly, the government did not cross-appeal. Thus, the statement relied on by Hadley was nonbinding dicta which cannot control the outcome in a subsequent case.

■ Hadley's argument can be read to suggest we adopt the *Powell* dicta as persuasive authority. The statement, as interpreted by Hadley, goes too far. The government must prove every element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368 (1970). This burden is not relieved by a defendant's promise to forgo argument on an issue. *See Spillone*, 879 F.2d at 518 (evidence of prior conviction properly admitted on issue of intent despite defendant's promise not to argue it). Hadley cannot preclude the government from proving intent simply by focusing his defense on other elements of his crime. Hadley's choice of defense did not relieve the government of its burden of proof and should not prevent the government from meeting this burden by an otherwise acceptable means. Rule 404(b) permits the government to prove intent by evidence of prior bad acts, and we have already held that admission of such a proof in this case was not an abuse of discretion under the rule.

■ We must also investigate, however, whether the prior bad acts should have been excluded because their probative value was substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; *Ross*, 886 F.2d at 267; *Spillone*, 879 F.2d at 520. The evidence was highly probative on the question of intent, especially in light of the similarity found between the prior acts and the offense charged. The evidence was obviously prejudicial, but its prejudicial effect was limited by the instruction given by the district court. *United States v. Boise*, 916 F.2d 497, 502 n. 13 (9th Cir.1990) (as amended); *Spillone*, 879 F.2d at 520. The court properly instructed the jurors that they could use the prior bad acts evidence to establish intent and motive only if they first found that the other evidence established beyond a reasonable doubt that Hadley committed the acts charged. The possibility of unfair prejudice did not substantially outweigh the probative value of the evidence.

Thus, we conclude that the district court did not abuse its discretion in admitting the evidence of Hadley's prior acts of sexual abuse.

III

Hadley next contends that the district court improperly admitted the expert testimony of Dr. Rosenzweig, a child psychiatrist who testified for the government. We review the district court's decision to admit expert psychiatric testimony for abuse of discretion. *United States v. Binder*, 769 F.2d 595, 601 (9th Cir.1985).

■ Hadley first argues that the expert testimony should have been excluded because it improperly bolstered the testimony of the minor victims. In support of this argument, he cites our decision in *Binder*, where we held that the district court erroneously admitted expert testimony that addressed the credibility of the abused children. In that case, however, "the experts testified that [those] particular children in [that] particular case *could be believed*." *Id.* at 602 (emphasis added). Dr. Rosenzweig, on the other hand, testified about general behavior characteristics that may be exhibited in children who have been sexually abused, and the testimony was therefore limited "to a discussion of a class of victims generally." *Id.* Because this general testimony merely "assist[ed] the trier of fact in understanding the evi-

dence," *id.*, Dr. Rosenzweig did not improperly bolster the children's testimony.

■ Hadley next contends that Dr. Rosenzweig's testimony failed to qualify under the test adopted in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923), and thus should not have been admitted. The *Frye* test allows admission of "[e]vidence based on a novel scientific technique" only if the technique is generally accepted as reliable in the relevant scientific community. *United States v. Solomon*, 753 F.2d 1522, 1526 (9th Cir.1985) (*Solomon*). We have held, for example, that an expert's conclusions on sexual abuse based on a child's behavior with anatomically correct dolls must pass the *Frye* test. *See United States v. Gillespie*, 852 F.2d 475, 480–81 (9th Cir.1988). The district court found that Dr. Rosenzweig's testimony was not based on any "novel scientific technique," *Solomon*, 753 F.2d at 1526, and thus need not qualify under *Frye*. Because Dr. Rosenzweig merely testified to general behavioral characteristics based upon his professional experience, and did not employ any special techniques or models, the district court correctly concluded that the *Frye* test was not applicable.

■ Finally, Hadley argues that Dr. Rosenzweig's testimony was more prejudicial than probative, and therefore violated Fed. R.Evid. 403. The testimony helped to explain the testimony of the abused children, and therefore rendered " 'appreciable help' " to the jury. *Solomon*, 753 F.2d at 1525, *quoting United States v. Awkard*, 597 F.2d 667, 669 (9th Cir.), *cert. denied*, 444 U.S. 885, 969, 100 S.Ct. 179, 460, 62 L.Ed.2d 116, 383 (1979). Hadley points to no specific prejudicial effect that substantially outweighs this probative value, and therefore, discretion was not abused in the admission of the expert testimony.

## IV

We next review Hadley's contention that there was insufficient evidence to convict him of count eight, attempted aggravated sexual abuse of Roy. In reviewing a claim of insufficient evidence, we must determine whether, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the defendant[ ] guilty beyond a reasonable doubt." *United States v. Murray*, 751 F.2d 1528, 1534 (9th Cir.), *cert. denied*, 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 335 (1985).

The facts relating to count eight indicate that in November 1987, Hadley gave Roy a ride home from a swimming pool and persuaded Roy to sit on his lap and drive the vehicle. Upon feeling Hadley's penis grow erect beneath him, Roy got off his lap and returned to the passenger seat. Only one month earlier, Hadley had used the same modus operandi to penetrate Roy's anal cavity, which led to his conviction on count seven for aggravated sexual abuse.

■ We have held that "attempt includes an element of specific intent even if the crime attempted does not." *United States v. Sneezer*, 900 F.2d 177, 179 (9th Cir.1990). Thus, to justify a conviction on count eight, the government must have proven beyond a reasonable doubt that Hadley intended to engage in a prohibited sexual act with Roy in November 1987. *See* 18 U.S.C. § 2245(2)–(3) (defining "sexual act" and "sexual contact"). In addition, to constitute an attempt, there must be more than mere preparation to commit a crime. "There must be 'some appreciable fragment of the crime' in progress." *United States v. Runco*, 873 F.2d 1230, 1232 (9th Cir.1989) (*Runco*), *quoting United States v. Buffington*, 815 F.2d 1292, 1302 (9th Cir.1987).

■ The government introduced evidence that: (1) Hadley asked Roy to sit on his lap while Hadley was driving; (2) Hadley tried to get Roy to remove his pants; and (3) Roy felt Hadley getting an erection while Roy was sitting on Hadley's lap. In light of this evidence, together with the similar sexual abuse that occurred a month before, a rational jury could have found beyond a reasonable doubt that Hadley intended to engage in a sexual act with Roy. Furthermore, a rational jury could have concluded that Hadley's actions constituted sufficient steps "in the course of conduct planned to culminate in the commission of

**854**

the crime." *Runco*, 873 F.2d at 1232. Thus, there was sufficient evidence to support Hadley's conviction on count eight.

### V

Finally, Hadley contends that the district court erred by imposing a sentence not in accordance with the Sentencing Guidelines for his conviction on count seven. The district court did not apply the Sentencing Guidelines in imposing a 30-year sentence on that conviction. The court did follow the Sentencing Guidelines when it sentenced Hadley to nine years in prison on counts eight and nine.

Hadley's contention is without merit. We have held that the Sentencing Guidelines do not apply to conduct that occurred before November 1, 1987. *United States v. Gray*, 876 F.2d 1411, 1418 (9th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990). There is no dispute that the conduct underlying the count seven conviction occurred in October 1987, prior to the effective date of the Sentencing Guidelines. Thus, the district court did not err when it declined to apply the guidelines to count seven.

AFFIRMED.