947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles F. SMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Charles SMITH, Defendant-Appellant.
 Nos. 90-35636, and 90-35659.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Nov. 7, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles F. Smith and Benjamin Charles Smith made motions pursuant to 28 U.S.C. § 2255 to have their sentences reduced. The Smiths contended that they were improperly sentenced under pre-Sentencing Guidelines law instead of under the Guidelines. The district court denied the motions and the Smiths now appeal. "The applicability of the Guidelines is a question of law which this court reviews independently, without deference to the district court's interpretation of the law." United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990).
 
 
 3
 The Smiths argue that the effective date of the Guidelines was October 13, 1987, and that because the conduct for which they were convicted continued until October 24, 1987, the Guidelines should have been applied in calculating their sentences. We have consistently held, however, that the Guidelines will not be applied to conduct that occurred before November 1, 1987. See, e.g., United States v. Hadley, 918 F.2d 848, 854 (9th Cir.1990); Gray, 876 F.2d at 1418. The Smiths were arrested on October 24, 1987, and the conduct for which they were convicted occurred on or before that date. The district court, therefore, properly applied pre-Guidelines law in determining the Smiths' sentences.
 
 
 4
 The Smiths argue that the Guidelines apply retroactively, thus entitling them to resentencing. We have not so held. See Hadley, 918 F.2d at 854 (Guidelines do not apply to conduct that occurred before November 1, 1987).
 
 
 5
 The Smiths next argue that the Guidelines should apply because they were sentenced after November 1, 1987. However, the relevant date for determining the applicability of the Guidelines is the date the conduct occurred, not the date of sentencing. See id.
 
 
 6
 Finally, the Smiths argue that the Rule of Lenity dictates an application of the Guidelines in their cases. Under this Rule a court "will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Bifulco v. United States, 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (quoting Ladner v. United States, 358 U.S. 169, 178, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958)). The Rule of Lenity is inapplicable because there is no ambiguity as to the effective date of the Guidelines.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3