956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jane BERRY, Plaintiff-Appellant,
v.
Daryl GATES, Defendant-Appellee.
 No. 90-55887.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1992.
Decided Feb. 28, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court did not abuse its discretion by excluding evidence related to the defendant officers' involvement in prior instances where shots had been fired during arrests. All the district court judge knew was that over a period of up to 22 years involving up to 1,100 arrests, some of the officers were engaged in as many as seven incidents in which there was gunfire in the course of an arrest. This information was based on statements by defense counsel.
 
 
 3
 Counsel for plaintiff told the district court that his information came from confidential sources. He also told the court, in response to a question about what knowledge or evidence he had of a plan, "I don't really know, because I haven't thought about it a lot, since the case was severed."
 
 
 4
 Berry relies on statements from this court that Rule 404(b), FED.R.EVID., is a rule of inclusion. United States v. Hadley, 918 F.2d 848, 850 (9th Cir.1990); United States v. Diggs, 649 F.2d 731, 737 (9th Cir.1981). However, an offering party has the burden of showing the relevance and probative value of the proffered evidence in order to permit the weighing process required under Rule 403, FED.R.EVID. United States v. Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir.1979). At no time did Berry offer to show that the other instances where there was gunfire were factually similar to Berry's and were close enough in time to be relevant. See United States v. Brown, 880 F.2d 1012, 1014 (9th Cir.1989). There is no presumption that prior bad acts evidence is relevant. Hernandez at 1108 n. 7 citing United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir.1978).
 
 
 5
 Absent such a preliminary showing, there was no way for the trial judge to engage in the weighing process. This is the purpose served by Fed.R.Evid. 103(a):
 
 
 6
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
 
 
 11
 Although Berry's counsel made some general statements about prior shootings, he did not offer any specifics concerning the excluded evidence. The offer of proof should be specific; counsel's statements concerning the substance of the evidence are not always sufficient. Here, there was no statement of the substance of the testimony, much less any specific details. A concise and informed offer of proof would have allowed the district court to perform its required function under Rules 403 and 404(b).
 
 
 12
 Berry's contention that the trial court should have allowed her to go fishing with the officers and then instruct the jury to disregard any inadmissible testimony is untenable, particularly in the light of Rule 103(c)'s command that proceedings be conducted "to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means." In the absence of an adequate offer of proof, the district court did not abuse its discretion by excluding the evidence.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3