967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roxanne Lynn REYNOLDS, aka Roxie, Defendant-Appellant.
 No. 91-30339.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided June 25, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roxanne Lynn Reynolds appeals her conviction for conspiracy and aiding and abetting the distribution of methamphetamines, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. We affirm.
 
 DISCUSSION
 A. Evidence of Prior Conviction
 
 3
 Reynolds contends that the district judge abused his discretion by admitting evidence of her prior conviction for possession of drug paraphernalia. This contention lacks merit. The record reflects that the evidence only came in when Officer Green responded to a defense question on cross-examination. Because the defense invited any error, it cannot secure a reversal based on it. See, e.g., Burgess v. Premier Corp., 727 F.2d 826, 834 (9th Cir.1984) (holding that attorney waived client's right to raise error on appeal by eliciting inadmissible evidence himself).
 
 B. Evidence of March 1989 Search
 
 4
 Reynolds further contends that the fruits of the March 1989 search revealing other "bad acts" constituted character evidence and should have been excluded under Rule 404(b) of the Federal Rules of Evidence. The government first counters that the evidence was inextricably intertwined with proof of where Reynolds obtained the methamphetamines for the third transaction, for which she was being tried. This argument would carry more force had the government confined its proof to: (1) the existence of the 1501 Oregon residence; (2) the prior use of the residence as a source house; and (3) Reynolds' knowledge that the residence existed. Instead, however, the government introduced Reynolds' personal effects along with the evidence of methamphetamine distribution, tying her to some of the crimes that had occurred at the 1501 Oregon residence in 1989.
 
 
 5
 Even if the evidence had been confined to the three categories listed above, we would not accept the government's argument that the March 1989 evidence was part and parcel of the October 1990 crime. We must apply this "inseparable crimes" doctrine narrowly. United States v. Hill, 953 F.2d 452, 457 n. 1 (9th Cir.1991). In this case, nineteen months separates the instant offenses from the prior activities at the 1501 Oregon residence. We conclude that this is too long a span to permit the evidence to be regarded as directly probative of the 1990 crime. See id. at 456-57 (five years separated prior act and charged offense; prior act inadmissible).
 
 
 6
 Alternatively, the government maintains that the March 1989 evidence supplied permissible proof of intent, and not of general criminal propensity. Reynolds contends, however, that the prior act evidence of intent is inadmissible because she denied participation in the acts in issue. See United States v. Powell, 587 F.2d 443 (9th Cir.1978). The government argues with much force that Powell has been limited, and that intent is always in issue. See United States v. Hadley, 918 F.2d 848, 851-52 (9th Cir.1990), cert. granted, 112 S.Ct. 1261 (1992).
 
 
 7
 We need not resolve this question, however, or decide whether the March 1989 evidence is properly evidence of intent, because we believe that its admission was harmless in any event. If we assume, without deciding, that the evidence resulting from the March 1989 search was inadmissible, we still may not reverse if it is more probable than not that the error did not materially affect the jury's verdict. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989). Reynolds' conviction for possession of drug paraphernalia, elicited by Reynolds' attorney, renders marginal any effect exerted by the seized evidence. The uncontested testimony of Larry Seibert also proved the same type of "other act" as those suggested by the seized evidence.
 
 
 8
 The rest of the evidence that Reynolds participated in the distribution was very strong. Reynolds' statements to John Haase indicate that she intended to act as a supplier. Larry Morley testified about her deliveries of methamphetamine, which he in turn sold to undercover agents. Police surveillance confirmed this report, and even placed Reynolds with Morley during the initial delivery. Although Reynolds gave a different account of her actions, her prior inconsistent statements tainted her credibility. Reynolds' description of Morley as a "snitch" further confirms her participation in the scheme. In light of the entire record, we conclude that, more probably than not, the admission of the search evidence had no material effect on the jury's verdict. See United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982) (evidence of prior cocaine use held harmless in context of entire record).[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In light of our conclusion that any error in admitting the disputed evidence was harmless, we find it unnecessary to address Reynolds' arguments under Rule 403 of the Federal Rules of Evidence