988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael T. STEWART, Defendant-Appellant.
 No. 92-30201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 10, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CR-92-063-01-CCL, Charles C. Lovell, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael T. Stewart appeals his jury conviction on one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 371, 1341. Stewart, who was acquitted on three other counts, contends that his acquittals indicate that there is insufficient evidence to support the conviction. Stewart also argues that the district court abused its discretion in denying his motion to substitute counsel. We affirm.
 
 
 3
 * Count II of the indictment, the count on which Stewart was convicted, alleges three uses of the United States Mail as overt acts in furtherance of the alleged conspiracy to commit mail fraud. Each of these acts was also alleged as part of the charges on which Stewart was acquitted.
 
 
 4
 Stewart argues that, because he was acquitted on all charges except Count II, the government failed to prove any act of mailing alleged in Count II, such that there was insufficient evidence of use of the mail to convict Stewart on that count. This argument is meritless.
 
 
 5
 The government is required to prove every element of an alleged crime beyond a reasonable doubt. E.g., United States v. Hadley, 918 F.2d 848, 852 (9th Cir.1990) (citing In re Winship, 397 U.S. 358, 364 (1970)), cert. dismissed, 113 S.Ct. 486 (1992). Thus, failure to prove any element is sufficient to require acquittal.
 
 
 6
 Each crime with which Stewart was charged had more than one element. See 18 U.S.C. §§ 371, 1341. Because the jury returned a general verdict as to each charge, acquittal tells us nothing about the sufficiency of evidence as to any one element of the crimes on which Stewart was acquitted. Thus, having acquitted Stewart on Counts I, III, and IV, the jury nonetheless could have found that the government proved the alleged mailings beyond a reasonable doubt. The verdict of guilty on Count II is not inconsistent with acquittal on the remaining counts.[1]
 
 
 7
 In any event, as Stewart recognizes, the government need not prove an actual mailing in order to prove conspiracy to commit mail fraud. There is a distinction between "conspiracy liability, which punishes membership in an agreement, and mail fraud, which punishes the act of using the mails." United States v. Lothian, 976 F.2d 1257, 1263 (9th Cir.1992). In other words, for purposes of a conspiracy conviction, it is enough that the defendant agreed to commit mail fraud. He need not commit the substantive offense to be guilty of plotting it with another. See United States v. Thomas, 887 F.2d 1341, 1345 (9th Cir.1989).[2] It was thus sufficient for purposes of a conspiracy conviction if the government proved that Stewart agreed with another to defraud in a manner whereby use of the mail was reasonably foreseeable. See United States v. Bohonus, 628 F.2d 1167, 1173 (9th Cir.), cert. denied, 447 U.S. 928 (1980); United States v. McDonald, 576 F.2d 1350, 1359-60 (9th Cir.), cert. denied, 439 U.S. 830, 927 (1978); see also United States v. Garner, 663 F.2d 834, 838 (9th Cir.1981), cert. denied, 456 U.S. 905 (1982).
 
 
 8
 In reviewing a claim of insufficient evidence, we view the record in the light most favorable to the government and determine whether any rational trier of fact could have found the contested element beyond a reasonable doubt. See, e.g., Hadley, 918 F.2d at 853. We find sufficient evidence that Stewart agreed to defraud in a manner whereby use of the mail was reasonably foreseeable. Stewart himself admitted as much. Although the admission is equivocal, a rational jury could have viewed Stewart's statements as acknowledging foreseeable use of the mail, particularly in light of evidence that foreseeable mailings did occur. This is enough to require that we uphold the jury's guilty verdict on Count II.
 
 II
 
 9
 Stewart also challenges the district court's order denying his motion for substitution of counsel. We review only for an abuse of discretion. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991). In assessing the district court's decision on a motion to substitute counsel, we consider three factors: (1) the timeliness of the motion to dismiss counsel; (2) the adequacy of the court's inquiry into defendant's complaint about counsel; and (3) whether a conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. Id.
 
 
 10
 It would be difficult to imagine a more considered exercise of discretion than the district court's actions here. In response to Stewart's motion, the court conducted a pre-trial hearing in which it made sure the defendant understood the scope of his right to appointed counsel. The court then listened patiently to Stewart's explanation of his difficulties with counsel. In response, the court correctly explained that each of defendant's objections concerned strategy decisions by appointed counsel, and that defendant's disagreement with such decisions was not sufficient ground for substituting appointed counsel. The court also issued a three-page order explaining its reasons for denying the motion.
 
 
 11
 The court's inquiry was impeccable. It disclosed that the only attorney considered as a possible substitute would require a continuance in order to prepare for trial. Cf. Torres-Rodriguez, 930 F.2d at 1381 (failure to inquire as to availability of substitute counsel a factor in reversing conviction). It further revealed that there was no personal animosity between client and counsel that would substantially interfere with trial preparation. Thus, even assuming Stewart's motion was timely, we do not find that the district court abused its discretion in denying the motion for substitution.
 
 III
 
 12
 More than a month after the government filed its appellee brief, and four days after his reply brief was due and filed, Stewart moved to file a supplemental brief. We deny the motion as untimely and, in any event, note that Stewart's supplemental arguments lack merit.
 
 
 13
 The judgment of conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if the verdicts were inconsistent, this would not require reversal of Stewart's conviction. See United States v. Powell, 469 U.S. 57 (1984); United States v. Hart, 963 F.2d 1278, 1280-82 (9th Cir.1992)
 
 
 [2]
 Stewart's citation to Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399 (9th Cir.1986), is inapposite. Schreiber sets out the elements of mail fraud, not the elements of conspiracy to commit mail fraud. Similarly, Stewart's citation to United States v. Brooks, 748 F.2d 1199, 1203-04 (7th Cir.1984), is not in point. Again, actual use of the mail need not be proven to convict on a charge of conspiracy to commit mail fraud