39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Curtis MARQUARDT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-30123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Curtis Marquardt, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 petition. Marquardt was sentenced to ten years imprisonment and five years supervised release following entry of a guilty plea to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Marquardt also received a consecutive sentence of five years imprisonment without parole pursuant to a guilty plea to one count of carrying or using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 942(c). Marquardt contends that the district court should have sentenced him under the United States Sentencing Guidelines ("the Guidelines") since his possession offense continued until after November 1, 1987. We have jurisdiction under 28 U.S.C. Sec. 2255 and review the district court's denial of a habeas corpus petition de novo. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 The Sentencing Guidelines do not apply to offenses committed before November 1, 1987. United States v. Hadley, 918 F.2d 848, 854 (9th Cir.1990) (citing United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989)), cert. granted, 112 S.Ct. 1261, and cert. dismissed, 113 S.Ct. 486 (1992). If the crime continues after the effective date of the Guidelines, the Guidelines will apply. See United States v. Castro, 972 F.2d 1107, 1111-12 (9th Cir.1992) (amended Guidelines are applied to the continuing offense of conspiracy but not to the possession offense which occurred prior to the effective date of the amended Guidelines), cert. denied, 113 S.Ct. 1350 (1993); cf. United States v. Morales, 11 F.3d 915, 918 (9th Cir.1993) (the Guidelines apply if the charged criminal conduct itself extends beyond the effective date of the Guidelines).
 
 
 4
 Here, Marquardt does not dispute the charge that he possessed with intent to distribute at least 100 marijuana plants on or about October 17, 1987, prior to the effective date of the Sentencing Guidelines. Thus, the Sentencing Guidelines do not apply to this charge. See Hadley, 918 F.2d at 854; cf. Morales, 11 F.3d at 917-18. Marquardt argues that he did not actually distribute the marijuana until after November 1, 1987. However, Marquardt was not charged with the continuing offense but with unlawful possession on or about a particular pre-Guidelines date. Thus, the district court correctly sentenced him for his charged possession offense under pre-Guidelines law. See Castro, 972 F.2d at 1111-12; cf. Morales, 11 F.3d at 917-18.
 
 
 5
 Marquardt also contends that he received ineffective assistance of counsel because his counsel did not pursue his case under the Sentencing Guidelines. Since his argument that he should be sentenced under the Guidelines lacks merit, his ineffective assistance of counsel claim fails. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Morris v. State of California, 966 F.2d 448, 454-55 (9th Cir.), cert. denied, 113 S.Ct. 96 (1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3