127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dan DENETCHEE, Defendant-Appellant.
 No. 96-10245.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997**
Decided Oct. 6, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-92-04367-CW (WDB); Robert C. Broomfield, District Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following a four-day trial, a jury convicted Dan Denetchee of one count of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a) and 1153, and one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c) and 1153. Denetchee appeals his convictions, arguing that: (1) the district court abused its discretion in admitting certain evidence, and (2) prosecutorial comments concerning defense counsel denied him a fair trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Denetchee was indicted for his sexual contact with a minor on the basis of events that occurred in October 1994. When questioned by investigators, Denetchee admitted to touching the minor's genitalia in July 1994. The district court admitted into evidence Denetchee's statements concerning his July contact with the minor. We review the district court's decision to admit other act evidence for abuse of discretion. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996).
 
 
 4
 The district court admitted Denetchee's statements pursuant to Federal Rule of Evidence 404(b). Rule 404(b) allows introduction of prior bad acts "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed.R.Evid. 404(b). To be admissible under Rule 404(b), evidence of prior acts must: (1) prove a material element of the crime currently charged; (2) show similarity between the past conduct and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time. United States v. Hinton, 31 F.3d 817, 822 (9th Cir.1994), cert. denied, 115 S.Ct. 773 (1995).
 
 
 5
 All four criteria are satisfied in this case. The statutes under which Denetchee was indicted require the government to prove intent. See 18 U.S.C. §§ 2241(c), 2244(a). Thus, the evidence in question goes to a material element of the crime. See United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990). Second, the prior acts closely resemble the charged conduct in terms of "the victim, the assailant, the manner of the assault, and the nature of the harm involved in the present and prior acts." Hinton, 31 F.3d at 823.
 
 
 6
 As to third part of the Hinton test, the government need only present evidence of the prior acts sufficient "for a jury reasonably to conclude that the acts occurred and that the defendant was the actor." Id. (citations and internal quotations omitted). Although Denetchee argues that his statement is uncorroborated and contradictory, when the nature and source of the evidence in question is considered, the government presented sufficient evidence. Fourth, under our case law, the four month separation between events is not too remote. See Hadley, 918 F.2d at 951 (admitting evidence of prior acts of molestation in which there was a ten year gap between acts of molestation as not too remote).
 
 
 7
 Finally, Denetchee argues that the evidence should not have been admitted because the danger of unfair prejudice substantially outweighed the probative value of the evidence. See Fed.R.Evid. 403. We disagree. We have previously rejected arguments where the evidence was probative of intent, and where, as here, the district court properly instructed the jury as to the limited purpose for which the evidence was admitted. See e.g., Hinton, 31 F.3d at 823. The district court did not abuse its discretion in admitting Denetchee's statements into evidence.
 
 II
 
 8
 Denetchee argues that the prosecution impermissibly vouched for the credibility of a witness and made improper remarks concerning the performance of Denetchee's counsel. He contends these statements denied him a fair trial. We disagree.
 
 
 9
 * Although Denetchee did not object at trial to certain statements made by the prosecution in its closing argument, he now argues that they constitute impermissible vouching for the veracity of a witness. Because Denetchee failed to object, we review the statements for plain error. United States v. Olano, 507 U.S. 725, 732-34 (1993).
 
 
 10
 Denetchee points to three statements in the prosecution's closing argument as allegedly vouching for the credibility of the minor with whom Denetchee had sexual contact. Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony. United States v. Necochea, 986 F.2d 1273, 1276 (9th Cir.1993).
 
 
 11
 None of the statements of which Denetchee complains were vouching, but were merely argument based on reasonable inferences drawn from evidence in the record.
 
 B
 
 12
 Denetchee objected to the prosecutor's remarks in rebuttal argument in which he was evaluating the testimony of an eleven year old girl in light of the defense attorney's extensive cross-examination that involved leading questions. The prosecutor's obvious purpose was to support testimony of the young girl and not to attack the defense lawyer, as Denetchee contends. The prosecutor's argument was not improper and the overruling of the defense objections and the denial of the motion for new trial were proper.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3