**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Philip Gary CRAWFORD, Defendant—
Appellant.**

No. 02–10162.
D.C. No. CR–00–00569–SRB.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

■ The district court did not abuse its discretion by denying the appellant's request for a mistrial after a government witness testified that the appellant had spent time in prison. First, this one stray remark was not highlighted in any way before the jury. Second, the judge gave a strong curative instruction. Third, substantial independent evidence exists of the appellant's guilt. Therefore, it is not more probable than not that this improper statement affected the verdict. *See United States v. Aichele*, 941 F.2d 761, 765 (9th Cir.1991) ("If the case against a defendant is very strong, though not overwhelming, and the reviewing court is unconvinced that the admission of the evidence influenced the outcome of the case, the court may uphold the verdict.") (affirming the district court's denial of a mistrial where testimony concerning the defendant's prior incarceration was erroneously introduced); *United States v. Yarbrough*, 852 F.2d 1522, 1540 (9th Cir.1988) (judge's curative instruction held sufficient to protect the defendant from the prejudice resulting from isolated references to his prior prison record).

■ Nor did the district court abuse its discretion by allowing a redacted version of the appellant's 1986 change of plea transcript—in which the appellant admitted to using the names "Gary Crawford" and "Philip Crawford" on two different tax returns, intending for the I.R.S. to construe the returns as from two different individuals—to be read into evidence. The appellant's statements, which were of-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fered as proof of his intent to defraud, do not constitute inadmissible "other acts" evidence within the meaning of Federal Rule of Evidence 404(b). *See United States v. Beckman,* 298 F.3d 788, 794 (9th Cir.2002) (defendant's prior drug run was admissible to show defendant knew he was transporting drugs on the occasion charged); *United States v. Hadley,* 918 F.2d 848, 851 (9th Cir.1990) (admitting evidence of acts committed ten years earlier under Rule 404(b)) ("The similarity of the prior act to the offense charged outweighs concerns regarding its remoteness."); *United States v. Spillone,* 879 F.2d 514, 519 (9th Cir.1989) (admitting ten year old conviction under Rule 404(b)) ("Depending upon the theory of admissibility and the similarity of the acts ... some remote acts may be extremely probative and relevant."). Nor, given the particular relevance of this evidence and its careful redaction, did the district court abuse its discretion by finding that its probative value was not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

To the extent that Crawford argues on appeal that the statements constitute inadmissible hearsay, he waived this issue by failing to object at trial. *See United States v. Rivera,* 43 F.3d 1291, 1295 (9th Cir.1995). In any event, the district court properly held that the statements are "not hearsay" pursuant to Federal Rule of Evidence 801(d)(2)(A). *See United States v. Warren,* 25 F.3d 890, 895 (9th Cir.1994) ("A defendant's 'own out-of-court' admissions ... surmount all objections based on the hearsay rule ... and [are] admissible for whatever inferences the trial judge [can] reasonably draw.") (quoting *United*

*States v. Matlock,* 415 U.S. 164, 172, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)).

AFFIRMED.