*919 MEMORANDUM ***
Jesse Albert Robles appeals his jury trial conviction for assault with a dangerous weapon and assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(3), (6), and 1153. He argues that the district court abused its discretion under Federal Rule of Evidence 404(b) when it allowed the introduction of evidence that Samuel Ludlow, the man whom Robles assaulted, had, roughly eight years before, reported Robles to the police for vehicle theft. We affirm.
Rule 404(b) states that “[e]vidence of other crimes, wrongs, or acts [while] not admissible to prove the character of a person in order to show action in conformity therewith^] ... [is] admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Fed.R.Evid. 404(b). As we have often stated, for evidence to be admissible under Rule 404(b):
First, there must be sufficient evidence to support the jury’s finding that the defendant committed the other [act]. Second, the other [act] must not be too remote [in time]. Third, when admitted to prove intent, the prior act must be similar. Finally, the prior act must be introduced in order to prove a material element of the case.
United States v. Curtin, — F.3d -, 2006 WL 851755, *5 (9th Cir.2006) (alterations in original) (internal quotation marks and citations omitted); see also United States v. Hadley, 918 F.2d 848, 850-51 (9th Cir.1990) (same). When evidence is admitted to prove motive pursuant to Rule 404(b), “[t]he prior wrongful acts must establish a motive to commit the crime charged, not simply a propensity to engage in criminal activity.” United States v. Brown, 880 F.2d 1012, 1015 (9th Cir.1989). Lastly, the probative value of the evidence must outweigh its potential prejudicial impact. See United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989).
Here, the eight-year-old prior act was not too remote in time. See Hadley, 918 F.2d at 851 (ten years); Ross, 886 F.2d at 267 (thirteen years); see also United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989) (declining “to adopt an inflexible rule excluding evidence of prior bad acts after a certain amount of time elapses”). Moreover, regardless of the lapse in time, the evidence was highly probative of establishing the identity of Ludlow’s attacker and a motive for the assault. See Brown, 880 F.2d at 1014-15. Lastly, the evidence did not establish only criminal propensity on Robles’s part. It showed that Ludlow reported an alleged crime, not that Robles was prosecuted or convicted for that crime. As such, the probative value of the evidence outweighed any potential unfair prejudice. See Fed.R.Evid. 403; Ross, 886 F.2d at 267.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.