**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10336 |
| Plaintiff - Appellee, | D.C. No. 1:05-cr-00482-OWW |
| v. | |
| RON VAUGHN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted January 18, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Ron Vaughn appeals his conviction and sentence following a jury trial.

Because the parties are familiar with the factual and procedural history of this case,

we do not repeat it here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court concluded that there was probable cause to issue a search warrant, and its conclusion, following an extensive *Franks* hearing, was not in error. The warrant was more extensive than merely listing the file titles and provided sufficient information to support the district court's conclusion that there was "a fair probability" that the officials might discover evidence of criminal activity. *See United States v. Gourde*, 440 F.3d 1065, 1073 (9th Cir. 2006) (en banc) (noting that *Illinois v. Gates*, 462 U.S. 213 (1983), does not compel the government to provide more facts than necessary to show a "fair probability" that the defendant has committed a crime).

It was also within the district court's discretion to permit the government's cross-examination during the *Franks* hearing. *See United States v. Vasquez*, 858 F.2d 1387, 1392 (9th Cir. 1988) (citation omitted). Because the direct testimony put at issue statements in the search warrant and statements that may have been made to the police, the district court did not abuse its discretion in permitting cross-examination on these topics. In addition, Vaughn chose to take the stand, and topics relating to his "credibility [were] properly subject to exploration." *Arredondo v. Ortiz*, 365 F.3d 778, 783 (9th Cir. 2004).

The district court did not abuse its discretion in admitting Vaughn's prior statement under Federal Rule of Evidence 404(b). This statement constituted a

2

party admission and was not hearsay. Fed. R. Evid. 801(d)(2). The district court concluded that the proffered evidence went to a material issue and was offered to show "intent, knowledge or absence of mistake." Also, because we have declined to adopt an inflexible rule regarding remoteness in the context of Rule 404(b), *United States v. Vo*, 413 F.3d 1010, 1019 (9th Cir. 2005), the district court did not abuse its discretion in concluding that the temporal link was not too attenuated, nor in finding the proffered evidence similar enough to be probative of the charged conduct. Any claimed prejudicial effect was limited through a protective admonition at the time the evidence was presented, as well as prior to jury deliberation. *United States v. Hadley*, 918 F.2d 848, 852 (9th Cir. 1990).

The district court did not violate the separation of powers doctrine by applying sentencing enhancements promulgated by Congress, where the Sentencing Commission was required to incorporate the enhancements without first conducting rigorous empirical research and analysis. Congress retains the ultimate authority over the Guidelines, and, consistent with that authority, may require the Commission to implement its directives. *See United States v. Henderson*, 649 F.3d 955, 963 n.3 (9th Cir. 2011) ("That Congress has the authority to issue sentencing directives to the Commission is established beyond peradventure.").

Despite the district court's statement that "as a coordinate branch of government, [it did not] make the law. . . . And [it did] owe comity and respect to the legislative branch of government," we conclude that the district court understood, appreciated, and exercised its discretion under *Kimbrough v. United States*, 128 S. Ct. 558 (2007), to deviate from the Sentencing Guidelines. The district court reiterated that it was imposing a sentence it believed to be sufficient and no more than necessary to impose just punishment.

The penultimate challenge—that the sentence was substantively unreasonable—also fails. We review the substantive reasonableness of sentences for abuse of discretion and must give due deference to the district court's decision. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The district court followed the order of analysis we laid out in *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc). Acknowledging that the Sentencing Guidelines are advisory and must be calculated and applied as one sentencing factor, the district court first determined the appropriate Guidelines calculation. It then considered all of the 18 U.S.C. § 3553(a) factors, and imposed a sentence at the lower end of the Guidelines range. In light of the circumstances, the sentence was not substantively unreasonable.

Finally, we do not address the claims that trial counsel provided ineffective assistance. These claims normally should be raised in habeas proceedings and the record before us is not sufficiently developed to permit review and determination of this issue. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

**AFFIRMED.**