47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rene JUVERA-LOPEZ, Defendant-Appellant.
 No. 94-10177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1995.
Decided Feb. 21, 1995.
 
 1
 Before: GOODWIN and SCHROEDER, Circuit Judges, and TASHIMA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Rene Juvera-Lopez appeals his conviction for conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 846.[1] We affirm.
 
 FACTS
 
 4
 On October 27, 1992, DEA agents found seven bundles of marijuana, totalling 212 pounds, at the Midvale Park residence of co-defendant Martin Acuna-Leal ("Acuna-Leal"), whom they arrested. Four of the bundles were in the garage and three were in a vehicle parked in the garage. Some bundles were apparently double-wrapped, for the agents recovered 13 plastic bags from around the bundles. A government fingerprint analyst isolated 80 fingerprints on the bags. One print on one bag belonged to Juvera-Lopez. Three prints--on a different bag--belonged to Acuna-Leal. The remaining prints were not identified.
 
 
 5
 The agents who arrested Acuna-Leal found 17 business cards in his possession, including two from a business called Golden Oldies Auto Body Shop. On the back of one of the Golden Oldies Auto Body Shop cards, the name "Rene" and the numbers "793-3196" were written in the hand of Juvera-Lopez. The telephone number on the card was the number on a pager previously issued to Juvera-Lopez's wife, but which had been deactivated approximately three months prior to Acuna-Leal's arrest.
 
 
 6
 Juvera-Lopez was arrested on February 1, 1993. At that time, agents found a pager on a table at his residence. When he was arrested, Juvera-Lopez was told that his fingerprints had been found at a house in Midvale Park. He responded that he had never been to Midvale Park. When asked if he knew Acuna-Leal, Juvera-Lopez stated that he did not, and that he did not know anything about the marijuana.
 
 DISCUSSION
 I. 404(b) Evidence
 
 7
 Juvera-Lopez claims the trial court erred in admitting evidence of his prior arrest in 1988 in connection with a conspiracy to transport commercial quantities of marijuana. This court reviews the admission of evidence under F.R.Evid. 404(b) for an abuse of discretion. United States v. Brooke 4 F.3d 1480, 1487 (9th Cir.1993).
 
 
 8
 Testimony at trial by the officers involved in the 1988 arrest showed that Juvera-Lopez arrived at a motel room that served as the apparent pick-up site for a truck containing 512 pounds of marijuana, and made inquiries about the driver of the truck. Though Juvera-Lopez refused the officers' invitation to drive the pickup, he suggested that the officers drive the pickup to drop "the stuff" off. When they arrested Juvera-Lopez, the officers found a PacTel pager in his pocket.
 
 
 9
 When introducing 404(b) evidence, the government must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982); United States v. Arambula-Ruiz, 987 F.2d 599, 602-03 (9th Cir.1993). In two motions filed prior to trial, the government set out at length its contention that Juvera-Lopez's involvement in the earlier scheme to transport and distribute commercial quantities of marijuana supported the inference that he had the intent and knowledge to carry out the charged offense.
 
 
 10
 In addition, the government bears the burden of proving: 1) that sufficient evidence shows that the defendant committed the other bad acts; 2) that the acts are being introduced to prove a material issue in the case; 3) that the acts are not too remote in time; and 4) if used to prove intent, that the acts are similar to the charged offense. United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991); Arambula-Ruiz, 987 F.2d at 602.
 
 
 11
 Knowledge and intent are material issues in a conspiracy case. Arambula-Ruiz, 987 F.2d at 604; United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1991). The testimony of two officers at trial was sufficient to allow the jury to find that the act occurred and that the defendant was the actor. United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990).
 
 
 12
 We reject Juvera-Lopez's contention that the prior acts were too remote. This court has held that evidence of a conviction for drug distribution four years earlier was not too remote. Houser, 929 F.2d at 1373. We have even allowed the admission of similar ten-year-old bad acts, reasoning that "the similarity of the prior act to the offense charged outweighs concerns regarding remoteness." Hadley, 918 F.2d at 851. The 1988 incident was similar to the offense charged. Both involved the vehicular distribution of commercial quantities of marijuana. See, United States v. Bibo-Rodriguez, 922 F.2d 1398 (9th Cir.), cert. denied, 501 U.S. 1234 (1991).
 
 
 13
 Finally, the trial court's finding that the probative value of this evidence outweighed its prejudicial effect was not an abuse of discretion. United States v. Mayans, 17 F.3d 1174, 1183 (9th Cir.1994). The trial court gave limiting instructions to the jury on three occasions. Such limiting instructions can help cure any prejudicial effect of 404(b) evidence. See, Hadley, 918 F.2d at 852.
 
 
 14
 In short, the evidence of Juvera-Lopez's prior acts satisfied all of the requirements of Rule 404(b). The trial court did not abuse its discretion in admitting this evidence.
 
 II. Pager
 
 15
 Juvera-Lopez's second contention is that the trial court erred in admitting evidence of the presence of a pager in his home, which Juvera-Lopez claims was inadmissible drug courier profile evidence. The court allowed DEA Agent Dominguez, who arrested Juvera-Lopez, to testify that he had never been involved in any narcotics investigation in which pagers were not used, and that pagers were used by narcotics dealers to communicate clandestinely. While we have held that certain drug profile evidence is inherently prejudicial because it turns perfectly innocent items into evidence of guilt, United States v. Lim, 984 F.2d 331, 334-35 (9th Cir.) (citing United States v. Liu, 941 F.2d 844, 848 (9th Cir.1991)), cert. denied, 113 S.Ct. 2944 (1993), pagers are not the kind of innocent or innocuous items referred to in our drug courier profile cases. We have previously held that possession of pagers is circumstantial evidence of narcotics activity. See, e.g., United States v. Wilson, 7 F.3d 828, 836 (9th Cir.1993), cert. denied, 114 S.Ct. 2152 (1994); U.S. v. Martinez, 967 F.2d 1343, 1345-46 (9th Cir.1992) (allowing evidence of pager to support jury finding of intent to distribute drugs). We have consistently allowed expert testimony that the use of pagers is evidence of criminal activity. See, e.g., United States v. Gomez-Osorio, 957 F.2d 636, 641-642 (9th Cir.1992); United States v. Jaramillo-Suarez, 950 F.2d 1378 (9th Cir.1991). The trial court did not abuse its discretion in admitting evidence of the pager.
 
 III. Sufficiency of Evidence
 
 16
 Juvera-Lopez also contends that the evidence was insufficient to support a finding of conspiracy. In reviewing a claim of insufficient evidence we ask, "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir.1993).
 
 
 17
 A conspiracy conviction requires the government to show an agreement to accomplish an illegal objective and the requisite intent necessary to commit the underlying offense. United States v. Lennick, 18 F.3d 814, 818 (9th Cir.) (quoting United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994)), cert. denied, 115 S.Ct. 162 (1994).[2]
 
 
 18
 The existence of an agreement may be inferred from circumstantial evidence. Taren-Palma, 997 F.2d at 536. Admittedly, the circumstantial evidence of an agreement--the fingerprints and the business card with the defendant's first name and the pager number--is not overwhelming in this case. However, given the lack of any reasonable alternative inference to be drawn from this evidence, a reasonable jury could have found an agreement beyond a reasonable doubt. Unlike Lennick, where the court held there was not "a sufficient quantity" of marijuana to support an inference that the alleged conspirators planned to further distribute it, 18 F.3d at 819, in the instant case, the commercial quantity of the marijuana involved and the fingerprints on the bags do support an inference of an agreement to distribute the marijuana.
 
 
 19
 United States v. Vasquez-Chan, 978 F.2d 546 (9th Cir.1992), which Juvera-Lopez cites, does not suggest otherwise. In that case the court held that the government had failed to produce sufficient evidence of an agreement, "from which a rational factfinder, applying the reasonable doubt standard, could choose the hypothesis that supports a finding of guilt rather than hypotheses that are consistent with innocence." Id. at 553. In Vasquez-Chan, the defendants presented a credible theory for the presence of their fingerprints on canisters containing cocaine, thus calling into question the agreement element: one defendant was a housekeeper at the residence where the cocaine was found and the other was her houseguest. In that case, the evidence, "did not establish any reason to believe that an innocent explanation of that evidence was any less likely than the incriminating one advanced by the government." Id. at 551.
 
 
 20
 However, in the instant case, there is no believable hypothesis as to how Juvera-Lopez's fingerprint got on the plastic bag containing the marijuana, other than his participation in the conspiracy. Moreover, additional circumstantial evidence, the business card and pager number, support the finding of an agreement. This court will not substitute its judgment for the jury's. " 'It is not necessary that [we] could find the defendant guilty. Rather, it is sufficient if a reasonable jury could come to this conclusion.' " United States v. Enriquez-Estrada, 999 F.2d 1355, 1358 (9th Cir.1993), (quoting United States v. Nicholson, 677 F.2d 706, 708 (9th Cir.1982)).
 
 
 21
 As to the intent element, the 1988 acts, considered with the circumstantial evidence of Juvera-Lopez's participation in the 1992 conspiracy, provided sufficient evidence to allow a rational jury to find beyond a reasonable doubt that Juvera-Lopez conspired to possess marijuana with intent to distribute it. See Arambula-Ruiz, 987 F.2d at 604; Houser, 929 F.2d at 1373.
 
 
 22
 Juvera-Lopez argues, in the alternative, that if a conspiracy did exist, the government presented insufficient evidence to connect him to it. However, once the existence of a conspiracy has been established, the government need only prove a "slight" connection between the defendant and the conspiracy. United States v. Aichele, 941 F.2d 761 (9th Cir.1991).
 
 
 23
 This is not a case like United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993), or United States v. Ramos-Rascon, 8 F.3d 704, 710 (9th Cir.1993), where the insufficiency of the evidence was based on the fact that the government offered no direct evidence. In Bautista-Avila, we noted that there was no direct evidence, "such as admissions or fingerprints." 6 F.3d at 1362 (emphasis added). In the instant case the government did introduce direct evidence in the form of Juvera-Lopez's fingerprint on one of the bags containing the marijuana. Given this direct evidence, we conclude that there was sufficient evidence of at least a slight connection between Juvera-Lopez and the conspiracy to uphold the conviction.
 
 
 24
 AFFIRMED.
 
 
 
 *
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellant was found not guilty of a related charge of possession of marijuana with intent to distribute it, in violation of 21 U.S.C. Sec. 841(a)(1)
 
 
 [2]
 Overturning Ninth Circuit precedent, the Supreme Court recently held, "In order to establish a violation of 21 U.S.C. Sec. 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, 115 S.Ct. 382, 385 (1994). As the parties apparently do not dispute the overt act requirement in their papers, Shabani does not affect the outcome of this case