UNITED STATES of America,
Plaintiff–Appellee,

v.

John Anthony CIPOLLONE,
Defendant–Appellant.

No. 90–50707.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 1991.*

Decided Dec. 11, 1991.

William J. Kopeny and Albert A. Newton, Law Offices of Stewart and Barnett, Santa Ana, Cal., for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FARRIS, PREGERSON and THOMPSON, Circuit Judges.

PER CURIAM:

Defendant John Anthony Cipollone appeals his sentence after pleading guilty to two counts of knowing distribution and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Cipollone contends the district court erred by (1) finding that the child pornography at issue depicted prepubescent minors (under the age of 12), (2) refusing to group two counts under United States Sentencing Guidelines 3D1.2(d), and (3) declining to grant a downward departure from the applicable guideline range.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### I. *Finding of Prepubescent Minors*

The Sentencing Guidelines instruct that if the pornographic material involved portrayed a prepubescent minor, the defendant's base offense level is increased by two levels. In this case, the district court found that the minors depicted in the pornographic materials distributed and received by Cipollone were prepubescent. Findings of the district court in applying the Sentencing Guidelines are upheld unless they are clearly erroneous. *U.S. v. Sanchez*, 914 F.2d 1355, 1361 (9th Cir.1990). The district court heard expert testimony from the state and the defendant regarding the ages of the children shown in the materials at issue. The court gave the testimony of the government's expert more weight because she was "much more familiar with the area of inquiry ... [and] has had greater experience in it." The finding of the district court was not clearly erroneous.

### II. *Grouping*

The district court's legal interpretation of the Sentencing Guidelines is subject to de novo review by this Court. *Id.*

*Cipollone* contends that the district court erred in determining his sentence because it should have grouped counts one and four of his indictment pursuant to U.S.S.G. § 3D1.2(d). U.S.S.G. § 3D1.2(d) provides in relevant part that "all counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule ... if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." Cipollone asserts that grouping is appropriate because both counts resulted from one continuous course of conduct between the same individuals and the offense guideline covers such continuing behavior.

The district court followed the recommendation of the Presentence Report not to group the two counts because the offense behavior was not continuous within the meaning of U.S.S.G. § 3D1.2(d). We agree with the district court that defendant's two counts should not be grouped. The Presentence Report correctly concluded that: "Counts 1 and 4 of the Indictment represent factually unrelated instances of the same type of conduct occurring months apart involving separate photographs or video tapes of different minors and are, therefore, not grouped."

Our conclusion is in accord with the Fifth Circuit. "With respect to the child pornography statute, each separate use of the mail to transport or ship child pornography should constitute a separate crime because it is the act of either *transporting or shipping* that is the central focus of this statute." [1] *United States v. Gallardo*, 915 F.2d 149, 151 (5th Cir.1990) (emphasis in original). The district court did not err in refusing to group the two counts.

### III. *Refusal to Depart Downward*

U.S.S.G. § 5K2.13 grants the court discretion to depart downward from the sentencing guidelines "[i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants." Appellant asserts that the district court erred in refusing to exercise its discretion to impose a lesser sentence under this provision. However, "[a] district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." *United States v. Morales*, 898 F.2d 99, 103 (9th Cir.1990). Accordingly, we affirm the sentence imposed by the district court.

AFFIRMED.

1. Even though *United States v. Gallardo* was decided before the effective date of the United States Sentencing Guidelines, the court's interpretation of the child pornography statute is applicable to this case. *See Gallardo*, 915 F.2d at 150 n. 1.