977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmanuel Moreno DELA, Defendant-Appellant.
 No. 91-50411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 MEMORANDUM**
 Emmanuel Moreno Dela appeals his sentence, imposed under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), following his plea of guilty to fifteen counts of using false identification to purchase weapons in violation of 18 U.S.C. § 922(a)(6). Dela claims the district court erred, first, by declining to group the counts of conviction for sentencing purposes pursuant to U.S.S.G. § 3D1.2 and, second, by increasing his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and we vacate and remand.
 
 I. Grouping
 
 1
 We review de novo a district court's construction of the Guidelines. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990).
 
 
 2
 The Guidelines mandate that all counts involving "substantially the same harm" be grouped together when they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(b). Counts need not be grouped where they involve "factually unrelated instances of the same type of conduct occurring months apart." United States v. Cipollone, 951 F.2d 1057, 1058 (9th Cir.1991) (upholding district court's refusal to group two counts of distributing child pornography where crimes occurred months apart and involved separate photographs of different minors).
 
 
 3
 Here, Dela pleaded guilty to buying 24 different weapons on fifteen different days in different stores over a period of sixteen months. Under these circumstances, the district court properly declined to group the offenses. See Cipollone, 951 F.2d at 1058.
 
 II. Obstruction of Justice
 
 4
 The question whether a defendant's conduct amounts to an obstruction of justice involves an interpretation of the Guidelines which we review de novo. United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992); United States v. Mondello, 927 F.2d 1463, 1465 (9th Cir.1991).
 
 
 5
 The adjustment for obstruction of justice is appropriate when a defendant "provid[es] materially false information to a judge ..." or "to a probation officer in respect to a presentence or other investigation for the court ..." U.S.S.G., § 3C1.1, comment. (n.3(f) and (g)). A material statement is one that, "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment (n. 5); see, e.g., United States v. Atkinson, 966 F.2d 1270, 1277 (9th Cir.1992) (defendant instructed codefendants to lie to federal agents); United States v. Rodriguez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990) (defendant gave a false name to arresting officer); United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.1990) ("what [defendant] said on the witness stand was pure fantasy, fantasy"); United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990) (defendant misstated number of prior convictions and denied leadership role in criminal scheme); United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990) (defendant told probation officer that prior drug charge had been dismissed, but investigation revealed felony conviction). In determining whether the adjustment is warranted, "the defendant's testimony and statements should be evaluated in a light most favorable to the defendant." U.S.S.G. § 3C1.1, comment. (n. 1).
 
 
 6
 Here, during his presentence interview, Dela told the probation officer that "Emmanuel Mark Cory Moreno Dela" was his true name. Dela also stated that "he was advised by the FBI not to participate in the purchase of weapons or that he would be considered an accessory," but he was "adamant in his denial that he made any purchases without FBI approval" (PSR at 10). At sentencing, he stated under oath that his name was "Emmanuel Mark Cory Dela." At the same hearing, he confirmed that the name on his birth certificate from the Philippines was "Emmanual Moreno Dela." Dela also testified that he purchased the guns in "order to apprehend the person that is responsible for gun smuggling." Two federal agents testified that, although Dela was in contact with them, they had not authorized him to purchase any firearms.
 
 
 7
 Based on these statements, the district court enhanced Dela's sentence for obstructing justice. We believe this reading of § 3C1.1 was inappropriate. At the time he made the statements about his name, Dela had already pleaded guilty to conducting ten illegal firearms transactions in which he used the false name "Mark Cory Della," and orally confirmed the court's statement that "you bought all these guns under fictitious names" (SER at 32). In any event, he never purchased guns using either "Emmanuel Mark Cory Moreno Dela" or "Emmanual Mark Cory Dela" so there was no chance that the new versions of his name might have caused the court or the probation department to believe that he was someone else, see, e.g., Rodriguez-Macias, 914 F.2d at 1205, or that he deserved a shorter sentence, see Atkinson, 966 F.2d at 1277; Barbosa, 906 F.2d at 1369; Baker, 894 F.2d at 1084; Christman, 894 F.2d at 341.
 
 
 8
 Likewise, his statements to the probation officer that the FBI had told him not to buy guns and that he had not bought any guns without the FBI's approval are so contradictory and so close together, and their potential benefit to him so completely negated by his plea of guilty, that we cannot construe them as "materially" false within the meaning of the Sentencing Guidelines.[1] See Atkinson, 966 F.2d at 1277. In light of the Application Notes' injunction to evaluate the defendant's testimony and statements in a favorable light, we conclude that the two-level enhancement for obstruction of justice was an incorrect application of the Guidelines. See Rodriguez-Razo, 962 F.2d at 1421. Accordingly, we vacate the sentence and remand this case to the district court for resentencing.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dela's reuest for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Indeed, the probation officer concluded that an adjustment for obstruction of justice was not warranted, and recommended a reduction in Dela's base offense level for acceptance of responsibility (PSR at 12). The district court granted the latter