995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clark McCormick KIMBALL, Defendant-Appellant.
 No. 92-30133.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * BACKGROUND
 
 
 3
 Clark McCormick Kimball (Kimball) pled guilty to one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). At sentencing, Kimball argued that he was entitled to a downward departure pursuant to U.S.S.G. § 5K2.13 because he committed the crime while suffering from diminished capacity. The district court considered the oral testimony of Dr. Jerry K. Larsen and a psychiatric report he submitted in which Larsen concluded that Kimball had suffered from a "major depressive episode" at the time he committed the crime. Larsen further concluded that Kimball's depression was 75% responsible for his conduct.
 
 
 4
 The district court refused to depart downward concluding that insufficient grounds existed to justify a downward departure. After the district court heard additional testimony, it denied Kimball's motion to reopen sentencing, finding that the Kimball's mental condition was not exceptional enough to warrant departure. Based upon a Guideline range of 92-115 months, Kimball was sentenced to 92 months in prison followed by three years of supervised release. Kimball contends that the district court erred in refusing to grant a downward departure under U.S.S.G. § 5K2.13 for diminished capacity.
 
 
 5
 We dismiss this appeal for lack of jurisdiction. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 II
 DISCUSSION
 A.
 Section 5K2.13 Departure
 
 6
 Kimball sought departure pursuant to U.S.S.G. § 5K2.13 which permits a discretionary downward departure:
 
 
 7
 [i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense.
 
 
 8
 We do not have jurisdiction to review a district court's discretionary decision not to depart from the Sentencing Guidelines." United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); see also Morales, 898 F.2d at 103. Moreover, we have held that the district court's refusal to depart downward pursuant to § 5K2.13 is not reviewable on appeal. United States v. Cipollone, 951 F.2d 1057, 1058 (9th Cir.1991). Only where the district court has indicated that it lacks authority to depart downward, is its decision reviewable. United States v. Sanchez, 927 F.2d 1092, 1093 (9th Cir.1991).
 
 
 9
 In this case, the district court did not suggest that it lacked authority to depart from the Guidelines; rather, it refused to depart downward because it found that Kimball's mental condition did not warrant departure. We reject Kimball's contention that the district court confused the application of § 5K2.0[1] and § 5K2.13. Nor do we find that the district court failed to consider a § 5K2.13 departure. First, the cases cited by both Kimball and the district court involved § 5K2.13 departures. Second, Kimball's motion to reopen sentencing was based specifically upon § 5K2.13. Thus, the district court was well aware of the application of § 5K2.13. It considered Kimball's mental condition, but nonetheless rejected it as a basis for downward departure on diminished capacity grounds.
 
 B. Section 5K2.0 Departure
 
 10
 Finally, to the extent Kimball argues that the district court erred in refusing to depart downward pursuant to U.S.S.G. § 5K2.0, that decision is also not subject to review on appeal. Morales, 972 F.2d at 1011; Morales, 898 F.2d at 103. Nor did the district court indicate that it lacked authority to depart.
 
 III
 CONCLUSION
 
 11
 The district court's discretionary refusal to depart downward under either § 5K2.0 or § 5K2.13 is not subject to review. Id.; Cipollone, 951 F.2d at 1058.
 
 
 12
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 5K2.0 provides that the sentencing court may depart from the Guidelines if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (internal quotations omitted)