52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Horlando BARRERAS-MOTA, Defendant-Appellant.
 No. 94-30380.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Appeal from the United States District Court, for the Western District of Washington, D.C. No. CR-94-0058-01-WLD; William L. Dwyer, District Judge, Presiding.
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horlando Barreras-Mota appeals his 50-month sentence imposed following a guilty plea to illegal reentry as a convicted felon in violation of 8 U.S.C. Sec. 1326(a) and (b)(1). Barreras-Mota contends that the district court improperly denied his request for a downward departure based on diminished mental capacity pursuant to U.S.S.G. Sec. 5K2.13. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 This court lacks jurisdiction to review a district court's discretionary decision not to depart from the guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); see also United States v. Cipollone, 951 F.2d 1057, 1058 (9th Cir.1991) (district court's discretionary decision not to depart pursuant to Sec. 5K2.13 is not reviewable). The district court's refusal to depart downward is only reviewable when the court has indicated that it lacks authority to depart. See United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993).
 
 
 4
 A sentencing court is authorized to depart downward if a defendant's significantly reduced mental capacity contributed to the commission of a "non-violent offense" and his criminal history does not indicate that incarceration is necessary to protect the public. See U.S.S.G. Sec. 5K2.13, p.s.; United States v. Cantu, 12 F.3d 1506 (9th Cir.1993).
 
 
 5
 In his sentencing memorandum, Barreras-Mota requested a downward departure pursuant to Sec. 5K2.13. Barreras-Mota argued that his low intelligence precluded him from understanding the potential criminal liability for his illegal reentry, and that his diminished mental capacity contributed to the offense. At the sentencing hearing, the district judge heard further argument regarding Sec. 5K2.13 downward departure. The judge noted that he had read the whole record and summarized the findings contained in Barreras-Mota's court-ordered psychological evaluation.
 
 
 6
 In denying Barreras-Mota's request to depart downward based on diminished mental capacity, the court stated:
 
 
 7
 I find on the basis of the record here that there has not been shown a significantly reduced mental capacity which contributed to the commission of the offense. I think it probably is true that Mr. Barreras thought the offense was a misdemeanor and he may have expected that nothing more would happen than he would be deported again.
 
 
 8
 But I am satisfied that he did know the law prohibited his returning and that nothing about his mental capacity contributed to his committing this offense ...
 
 
 9
 Thus, the record clearly indicates that the court considered Barreras-Mota's mental capacity, and made a factual determination that it did not warrant a downward departure pursuant to Sec. 5K2.13.
 
 
 10
 Absent some indication that the district court believed it lacked authority to depart, this court lacks jurisdiction to review the district court's discretionary decision. See Cipollone, 951 F.2d at 1058. Accordingly, we dismiss Barreras-Mota's appeal for lack of jurisdiction. See id.
 
 
 11
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3