**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10321 |
| Plaintiff - Appellee, | D.C. No. 5:06-cr-00196-RMW-2 |
| v. | |
| TROY URIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

The district court did not abuse its discretion by allowing the other fraud

scheme evidence.  The Sanmina fraud evidence was similar to the Agilent fraud, it

is sufficient to support a finding that Urie actually participated in it, and it was

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

probative of Urie's knowledge and intent in committing the Agilent fraud. See

United States v. Ogles, 406 F.3d 586, 592 (9th Cir. 2005). Likewise, the Applied

Materials fraud evidence was probative of Tulaner's identity and participation,

which was, in turn, probative of Urie's involvement in the crimes charged in this

case. We reject Urie's argument that knowledge and intent are irrelevant because

his defense was that he did not participate at all, not that he lacked knowledge or

intent. "The government must prove every element of a crime beyond a reasonable

doubt. This burden is not relieved by a defendant's promise to forgo argument on

an issue." United States v. Hadley, 918 F.2d 848, 852 (9th Cir. 1990) (citation

omitted). The charges against Urie in this case required that the government prove

both knowledge and intent.


The district court did not abuse its discretion when determining that the

prejudicial impact of this Rule 404 "other acts" evidence did not substantially

outweigh its probative value under Rule 403. The court found the evidence highly

probative as to knowledge and intent, and took steps to limit the jury's potential

misuse of the evidence by giving it limiting instructions when the evidence was

introduced. See United States v. Cherer, 513 F.3d 1150, 1157-59 (9th Cir. 2008).

The complained of testimony by the FBI agent was not offered to prove the truth of

2

Tulaner's receipt of the package, but merely why the agent was following Tulaner, so it was not hearsay, as it was not a "statement . . . offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

The government's questioning of Urie was not improper. Urie's lawyer did not object to the substance of these questions at trial, so we review for plain error. See United States v. Harrison, 585 F.3d 1155, 1158 (9th Cir. 2009). There are many good reasons why an attorney might not make every possible objection at trial, and a judge need not correct every arguably objectionable question. Any error in not *sua sponte* striking the questions was not plain because the only Ninth Circuit law directly addressing the complained of questioning holds that it is not improper. See D'Aquino v. United States, 192 F.2d 338, 369-70 (9th Cir. 1951). Unlike United States v. Sanchez, 176 F.3d 1214 (9th Cir. 1999), the government did not attempt to ask Urie whether he thought the witness was a liar. Instead, the questioning was more akin to that in D'Aquino, where the testimony "sought was to point up the contradiction in the appellant's testimony for the purpose of more effectively bringing that contradiction to the attention of appellant and of the jury as part of the cross-examination." 192 F.2d at 369.

The government's arguments related to the evidence were based on fair inferences and not in bad faith. See United States v. Blueford, 312 F.3d 962, 968 (9th Cir. 2002). Urie was free at trial to argue that the evidence did not support the same inferences that the government contended they did support. The government's arguments were not improper. Evidence supports the inference that more than 100 calls were made between co-conspirators, and that those records showed Urie's location. As to the statement made by the government in closing that "I showed [McGuire] the photographs," this isolated statement, even if read the way Urie argues it should be, did not affect his substantial rights, or seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Dallman, 533 F.3d 755, 761 (9th Cir. 2008).

Finally, we have reviewed de novo and affirm the district court's denial of Urie's motion for judgment of acquittal . The evidence offered at trial, viewed in a light most favorable to the prosecution, was enough for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

**Affirmed.**

4